Waldman agt. Pennsylvania Railroad Company.

from the general intent and purpose of the provision. This section took the place of 2 Revised Statutes, 458 (*chap.* 8, *title* 4, *art.* 5, *sec.* 8), which authorized the plaintiff in an action against a corporation, founded on a note or other evidence of debt, to apply to the court for judgment on the return day, and the court then rendered judgment in favor of plaintiff, unless it was made to appear that the corporation had a good and substantial defense on the merits. It is clear, therefore, that the return day under the old practice was the essential element of time, and the counsel is bound to construe the present provision in the light of the former legislation and the former practice.

The present practice only modifies the former by making it conform to the Code practice and compels the corporation to establish a *prima facie* case of merits on or before the return day, whenever that may be. "When the object of the legislature is plain and unequivocal courts ought, without violence to the words, to adopt such a construction as will but effectuate the intentions of the lawgivers." I have no doubt that the construction given to this statute by the plaintiff was the just and proper one, and that the time in which the order of the judge must be served is limited in this court to six instead of twenty days.

Motion denied, with costs.

---

## U. S. CIRCUIT COURT.

### WALDMAN agt. PENNSYLVANIA RAILROAD COMPANY.

*Calendar practice on removal of cause from state to United States circuit court.*

Where a case is removed into the United States circuit court after it has been put on the calendar and noticed for trial in the state court, it stands ready for trial in the circuit court immediately upon the record being filed therein.

*November*, 1882.

Harry agt. Hilton.

THIS action was begun in the marine court of the city of New York. On May 29, 1882, the defendant served its answer, whereupon plaintiff filed a note of issue, and on June 7, 1882, noticed the case for trial for June thirteenth. On June twenty-third the defendant filed a petition and bond for removal into this court, and a removal was on that day duly had. The defendant filed the record on the first day of the present term of this court (October sixteenth), and it appears that the plaintiff had previously put the case upon the calendar of this court and again noticed it for trial.

The defendant moved to strike the cause from the calendar as improperly on, for the reason that the clerk could not put it upon the calendar, and plaintiff could not notice it for trial in this court until after the record had been filed. The plaintiff, in opposition, claimed that the cause standing " for trial " before removal, his practice had been regular, and cited section 6, act of 1875, and *Koontz* agt. *Railroad Company* (14 *Otto*, 13–18).

*R. Leimisor*, for plaintiff.

*Robinson, Scribner & Bright*, for defendant.

SHIPMAN, *J.* — Under the rules of the circuit court, I think that this case is now in a condition to be assigned for trial at any time at the present term.

## N. Y. COMMON PLEAS.

ELLIOT C. HARRY agt. EDWARD G. HILTON, impleaded, &c.

*Attorney and client — Client responsible for stenographer's fees when stenographer is employed by attorneys.*

A client is responsible for stenographer's fees in proceedings in a case where such stenographer is employed by attorneys to take the minutes.

*General Term, November,* 1882.